

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

In the Matter of the Search of

One AT&T/Motorola Mobile Cellular Telephone
Serial Number 364VGY45PK
Seized from the Personal Property of Modesta Luisa Magana

APPLICATIION AND AFFIDAVIT
FOR SEARCH WARRANT

CASE NUMBER: '08 MJ 1872

FILED
08 JUN 17 PM 3: 53
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____

I Jeffrey Butler being duly sworn depose and say:

I am a Special Agent with U.S. Drug Enforcement Agency and have reason to believe that on the property or premises known as:

> See Attachment A

in the SOUTHERN District of CALIFORNIA

there is now concealed a certain person or property, namely

> **Evidence of a crime, contraband, fruits of crime, or other items illegally possessed, property designed for use, intended for use, or used in committing a crime, as set forth more fully in Attachment B**

which is

> **Property and electronic data that constitutes evidence of the commission of a criminal offense, and which is and has been used as the means for committing a criminal offense**

concerning violations of Title 21, United States Code, Sections 841(a), 846, 952, 960 and 963.

The facts to support a finding of Probable Cause are as follows:

> **See attached affidavit of U.S. Drug Enforcement Agency Special Agent Jeffrey Butler, which is attached and incorporated herein by reference**

Continued on the attached sheets and made a part thereof. _X_ Yes ___ No

_____
Signature of Affiant

Sworn to before me, and subscribed in my presence

6-17-08
Date

San Diego, California
City and State

The Honorable Nita L. Stormes, U.S. Magistrate Judge
Name and Title of Judicial Officer

_____
Signature of Judicial Officer



## Attachment A
## Description of Property To Be Searched

One Motorola cellular phone with serial number 364VGY45PK seized from Modesta Magana and in the custody of DEA.

The cellular phone to be searched is currently located at the DEA San Ysidro Office in San Ysidro, California.



## ATTACHMENT B

## ITEMS TO BE SEIZED

Any and all electronically stored information in said cellular phone which evidence the existence of a conspiracy to import, possess, sell, and distribute controlled substances, including:

    a. telephone numbers of incoming/outgoing calls stored in the call registry

    b. telephone numbers and corresponding names to those numbers stored in the cellular telephone's address book;

    c. any incoming/outgoing text messages which evidences the ~~relationship between the~~ *NLS.* existence of a conspiracy to import, possess or sell controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960, and 963;

    d. telephone subscriber information; and

    e. any other electronic information in the stored memory and/or accessed by the active electronic features of the digital or cellular phone including photographs, e-mail, and voicemail which evidences the existence of a conspiracy to import, possess, sell, and distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960, and 963

## AFFIDAVIT

UNITED STATES OF AMERICA     )
                             )  SS
SOUTHERN DISTRICT OF CALIFORNIA )

I, Jeffrey Butler, being duly sworn, depose, and say:

1. I make this affidavit in support of an application for a search warrant in furtherance of a narcotics investigation conducted by special agents of the United States Drug Enforcement Administration ("DEA") for the following target location: One Motorola cellular telephone bearing serial number 364VGY45PK seized from the personal property of Modesta Magana and in the custody of DEA.

2. Based upon my experience and training, and all the facts and opinions set forth in this Affidavit, I believe the following items will be found in the cellular telephone to be searched further:

   a. telephone numbers of incoming/outgoing calls stored in the call registry;
   b. telephone numbers and corresponding names to those numbers stored in the cellular telephone's address book;
   c. any incoming/outgoing text messages;
   d. telephone subscriber information;
   e. any other electronic information in the stored memory and/or accessed by the active electronic features of the digital or cellular telephone including but not limited to e-mail, voicemail, and photos;

which evidences (1) the existence of a conspiracy to import, possess, sell, and distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960, and 963, (2) contraband, fruits of crime or things otherwise criminally possessed, and (3) property designed or intended for use or which is or has been used as a means of committing criminal offenses.

3. The information contained in this affidavit is based on my experience and training, consultation with other special agents of DEA, Supervisory and Patrol Agents of



the United States Border Patrol, Special Agents with Immigration and Customs Enforcement ("ICE"), and other federal agents and state law enforcement officers. The evidence and information contained herein was developed from interviews, documents, border crossing records available on the Treasury Enforcement Communication System ("TECS"), vehicle records from the California Department of Motor Vehicles ("DMV"), agency reports, and public records.

I

### EXPERIENCE AND TRAINING

4. I am a Special Agent with the Drug Enforcement Administration ("DEA"), and have been so employed for approximately three years. I am currently assigned to the Imperial County District Office. Prior to my current position as a Special Agent with the DEA, I was a police officer in the State of Oregon for approximately four years.

5. I have received training in all aspects of conducting narcotics investigations. I am familiar with narcotics traffickers' methods of operation including the distribution, storage, and transportation of narcotics and the collection of money proceeds of narcotics trafficking and methods of money laundering used to conceal the nature of the proceeds. I am familiar with, and have participated in, all of the normal methods of investigation including, but not limited to, visual surveillance, questioning of witnesses, the use of search and arrest warrants, the use of confidential sources and informants, the use of pen registers, the use of court authorized wire intercepts, and the use of undercover agents.

6. I have conducted investigations regarding the unlawful importation, possession, and distribution of controlled substances, as well as investigations related to money laundering offenses involving the proceeds of specified unlawful activities and conspiracies associated with criminal narcotics, in violation of Title 21, United States Code, §§ 841(a)(1), 843(b), and 846, and Title 18, United States Code, 1956, 1957, and



371. Throughout my career as a Special Agent with DEA, I have conducted and participated in investigations that have resulted in the seizure of multi-kilogram quantities of methamphetamine, cocaine, and marijuana, as well as the seizure of millions of dollars in narcotics proceeds.

## II
## DETAILS OF THE INVESTIGTION

7. On May 8, 2008, at approximately 9:00AM, United States Border Patrol Agent (USBPA) Phillip Robinson was observing traffic entering and exiting the Shockey Truck Trail at State Route 94. At that time, USBPA Robinson observed a burgundy Nissan slow and come to a stop in the westbound traffic lane at the intersection. The driver of the Nissan then honked the horn three times and quickly made a left turn south onto Shockey Truck Trail. USBPA Robinson then observed a second vehicle, a green Chevrolet Malibu approach the intersection and turn south onto Shockey Truck Trail, now following the Nissan. After a short distance, USBPA Robinson observed both the Nissan and Malibu stop. One occupant from the Nissan got out and walked to the Malibu, at which time one occupant from the Malibu got out and walked over to and then got into the Nissan. The original passenger from the Nissan then got into the Malibu. Both cars then drove away. USBPA Robinson then observed the Nissan and Malibu drive down the road for a short distance before leaving the area.

8. At approximately 9:45AM, USBPA Saclarides observed the Malibu stop at the Cameron Corners strip mall. At that time, USBPA Saclarides checked the Malibu vehicle registration and found the registered owner was Viviana Magana. USBPA Miele recognized this name as the same name as the registered owner of a prior smuggling vehicle. USBP agents continued surveillance of the Malibu.

9. At approximately 10:25AM, USBPA Robinson observed the Malibu on State Route 94 driving towards Shockey Truck Trail while being driven by a female. The Malibu then turned south on Shockey Truck Trail where it stopped a short distance later on the side of the road. At that time, USBPA Robinson observed a male get out of the

passenger side of the Malibu and walk to the front of the car while yelling loudly. The male then got back into the Malibu and the Malibu left, traveling south out of the view of USBPA Robinson.

10.     At approximately 10:40AM, USBPA Robinson observed the Malibu north on Shockey Truck Trail, towards State Route 94 with two visible occupants. USBPA Miele then observed the Malibu as it traveled east on State Route 94. USBPA Miele now observed the rear of the vehicle appeared lower than it had earlier in the day, despite only two visible occupants.

11.     At approximately 10:55AM, USBPA Pepe stopped the Malibu for suspicion of smuggling. During the stop, Border Patrol Agents found a third subject, slouched below window level in the rear seat. USBPA Miele asked and was given consent by the driver, Juan Limon, to search the trunk. During a search of the trunk, a total of two large backpack style bags were found. Further contained in these backpacks were nine packages wrapped in tan packing tape of marijuana with a total weight of approximately 103.61 pounds. USBP agents later field tested the marijuana and received a positive result for the properties of marijuana. All three occupants, including Modesta Magana were arrested and transported to the Campo Border Patrol Station for processing.

12.     At approximately 3:00PM, DEA Special Agents Pokryfke and Niermeier responded to the Campo Border Patrol Station to continue the investigation.

13.     At approximately 4:21PM, DEA SA Pokryfke advised Magana of her Miranda warnings. At that time, Magana declined to answer questions. As required by DEA policy, biographical information was asked and obtained from Magana. During this time, SA Pokryfke observed a tattoo of hands praying on Magana's right knee. A conversation then followed between SA Pokryfke and Magana regarding religion. During this conversation, with out being asked, Magana stated, "Besides, the only reason why I did this was because I have tickets to pay off." Magana was later transported to the



Los Colinas Detention Facility where she and her property were booked.

14.    On May 13, 2008, SA Pokryfke seized the Motorola cellular phone from the property of Magana at the Los Colinas Detention Facility. SA Pokryfke then transported the Motorola cellular phone to the DEA San Ysidro office where he placed the cellular phone into evidence.

15.    The Motorola cellular phone seized from the property of Magana is currently in DEA custody at the DEA San Ysidro office.

## III

## BASIS FOR EVIDENCE SOUGHT IN SEARCH WARRANTS

16.    I have spoken with numerous individuals who have been involved in the use, sale, manufacture, cultivation, transportation, and illegal distribution of controlled substances and, from doing so, I have learned techniques commonly used by those involved in the distribution, cultivation, manufacturing, packaging, and transportation of controlled substances. I have worked with cooperating sources of information and from them have learned the ways in which narcotic traffickers and clandestine laboratory operators conduct business.

17.    Through my training and experience, and in consultation with other agents and informants, I have learned that:

a.    Members of drug trafficking and distribution organizations communicate via cellular telephones and store the names and telephone numbers of other people involved in drug trafficking and distribution activities in the memory of the cellular telephones. Individuals involved in drug trafficking often utilize multiple cellular telephones to conduct narcotics trafficking transactions and other illegal activity.

b. Members of drug trafficking and distribution organizations often utilize cellular telephones with photo capabilities to take photographs and videos of other members of drug trafficking and distribution organizations, drugs, money and assets purchased with drug proceeds.



## IV

## **CONCLUSION**

18.  Based on my training and experience, consultation with other special agents and law enforcement officers, and all of the facts and opinions set forth in this affidavit, I have probable cause to believe that narcotics offenses, including violations of 21 U.S.C. §§ 841(a)(1), 843(b), 846, have been committed and evidence of the crimes will be found in the cellular telephone described in Attachment A.  I believe that names, nicknames, and/or telephone numbers of other co-conspirators involved in, and associated with, drug trafficking and distribution, as well as data describing the time, date, and duration of incoming and outgoing calls to the cellular phone.

19.  Wherefore, your affiant respectfully requests a warrant be issued authorizing DEA Task Force Officers and Special Agents to examine, analyze, and make record of the contents of the information stored in the seized cellular telephone described in Attachment A.

This Affidavit is based on reports, documents, and notes furnished to Drug Enforcement Administration Special Agent Jeffrey Butler.

JEFFREY BUTLER
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me
this ___ day of June, 2008

Nita L. Storms
United States Magistrate Judge